Jose Benjamin SERRANO–
CAMPOS, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72083.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Jorge I. Rodriguez-Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Donna B. Dobbins, David Andrew Sigler, United States Attorney's Office, Chief Appellate Division, Mobile, AL, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Jose Benjamin Serrano–Campos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' decision adopting and affirming an Immigration Judge's ("IJ") order denying his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *He v. Ashcroft,* 328 F.3d 593, 595–96 (9th Cir.2003), we deny the petition for review.

Substantial evidence supports the IJ's conclusion that the destruction of Serrano–Campos's home when he was a child, and his subsequent displacement, was not, even in part, on account of a protected ground, but rather was the result of civil strife in El Salvador. *See Knezevic v. Ashcroft,* 367 F.3d 1206, 1211–12 (9th Cir.2004) (recognizing that displacement "by the inevitable ravages of war" does not constitute past persecution on account of a protected ground). Serrano–Campos's claim of a well-founded fear of future persecution fails for the same reason. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (prior incidents of violence between Azeris and Armenians during a period of significant strife, combined with continuing animosity between the two groups, did not establish well-founded fear of future persecution).

Accordingly, Serrano–Campos has failed to show eligibility for asylum or withholding of removal. *See id.*

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.